UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP E. GAUCHER, JR. et al.,

Plaintiffs,

-v-

DIGITAL BRANDS GROUP, INC.,

Defendant.

26-CV-6889 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

For the reasons discussed on the record during the conference held yesterday, August 25, 2026, it is hereby ORDERED that the following schedule shall govern the further conduct of pre-hearing proceedings in this case unless and until the Court orders otherwise:

1. The parties shall file a joint letter with the Court no later than the close of business on **August 28, 2026**, (1) proposing a schedule for limited discovery, and (2) informing the Court of the status of settlement negotiations and whether and when the parties might desire a referral to Magistrate Judge Cave for settlement purposes. If the parties request a referral to Magistrate Judge Cave, the parties are directed to indicate when they believe a settlement conference would be most productive.

2. Defendant shall file any opposition to the application for a preliminary injunction by **September 3, 2026, at noon.** Defendant should address the merits of Plaintiffs' application as well as whether a hearing is necessary to resolve the application.

3. Plaintiffs shall file any reply by **September 11, 2026.**

4. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Any letter-motion seeking relief must include a representation that the meet-and-confer process occurred and was unsuccessful. Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone. Counsel should seek relief in

accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.

5. On or before **October 29, 2026**, the parties shall file a Joint Pre-Hearing Order, including any and all information relevant to the hearing referenced in the Court's Individual Rules and Practices in Civil Cases (available at http://nysd.uscourts.gov/judge/Furman) with respect to Joint Pre-Hearing Orders.

6. At the same time, the parties shall each file Proposed Findings of Fact and Conclusions of Law. As there may be no opportunity for post-hearing submissions, the Proposed Conclusions of Law shall include all law that the parties wish to submit to the Court and the Proposed Findings of Fact should be detailed and should include citations to the proffered hearing testimony and exhibits. **The parties may not submit additional memoranda of law (before or after trial) without leave of Court.**

7. At the same time, the parties shall serve, *but not file*, affidavits constituting the direct testimony of each hearing witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the hearing. Witness affidavits are subject to the same rules and restrictions as would apply in the case of live testimony (i.e., they are a direct substitute for the live direct testimony), so the parties should be diligent in complying with all applicable Rules of Evidence, including but not limited to the rules regarding hearsay, personal knowledge, and proper foundation (e.g., as to any evidence offered in connection with the witness's direct testimony). Additionally, Rule 615 of the Federal Rules of Evidence applies to the witness affidavits just as it would if the witnesses were providing live testimony in open court. That is, fact witnesses may not read any affidavit of another witness (unless and until the Court grants leave to do otherwise in accordance with Rule 615). It is counsel's obligation to ensure that witnesses are aware of, and comply with, that rule.

8. At the same time, the parties shall also serve, *but not file*, all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis (with transcript citations) of those excerpts for each deposition.

9. At the same time, the parties shall provide the Court with an electronic copy of each exhibit sought to be admitted (with each filename corresponding to the relevant exhibit number — e.g., "PX-1," "DX-1," etc.). If the files are too large for submission by email, the parties shall use the Court's file transfer protocol in accordance with Paragraph 1(C) of the Court's Individual Rules and Practices in Civil Cases. If submission of electronic copies would be an undue burden on a party, the party may seek leave of Court (by letter-motion filed on ECF) to submit prospective documentary exhibits in hard copy. Each hard copy shall be pre-marked (that is, with an exhibit sticker) and assembled sequentially in a loose-leaf binder (not to exceed 2 1/2 inches in thickness) or in separate manila folders labeled with the exhibit numbers and placed in redweld folders labeled with the case name and docket number. The parties shall also provide, by e-mail to the

Court (Furman_NYSDChambers@nysd.uscourts.gov), a Microsoft Word document listing all exhibits sought to be admitted. The list shall contain four columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted." The parties shall complete the first two columns, but leave the third and fourth columns blank, to be filled in by the Court during the hearing.

10. Three business days after submission of the affidavits discussed above, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the hearing. Only those witnesses who will be cross-examined need to appear at the hearing. The original signed affidavits should be brought to the hearing to be marked as exhibits.

11. The final prehearing conference is scheduled for **November 5, 2026**, at **10:00 a.m.** in Courtroom 24B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY.

12. It is ORDERED that the preliminary injunction hearing will begin at **9:30 a.m.** on **November 10, 2026,** in Courtroom 24B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY.

13. It is further ORDERED that the following procedures shall govern the conduct of the hearing:

    a. All exhibits must be pre-marked.

    b. Counsel should make certain that they retain custody of all original exhibits, including the affidavits composing the direct testimony. The Court does not retain them and the Clerk is not responsible for them.

SO ORDERED.

Dated: August 26, 2026
New York, New York

JESSE M. FURMAN
United States District Judge