# LAW OFFICES OF BARRY M. BORDETSKY

**570 Lexington Avenue, 24th Floor**
**New York, NY 10022**
**Tel.: (212) 688-0008**

**1719 NJ-10, West Wing, Ste. 300**
**Parsippany Troy Hills, NJ 07054**
**Tel.: (973) 998-6596**
**Fax: (973) 937-7850**
***Please respond to NJ address**

**EMAIL: barry@bordetskylaw.com**

**Admitted in NY/NJ**

***Of Counsel, Littman Krooks LLP**


September 28, 2026

**By ECF**
Hon. Jesse M. Furman
United States District Court
For the Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

Re: Philip Gaucher et al. v. Digital Brands Group, Inc. (26-cv-6889)

Dear Judge Furman:

This office represents Plaintiffs Philip Gaucher and Joey Giamichael in the above-referenced action. Pursuant to Local Civil Rule 37.2 and Your Honor's Individual Rules and Practices, Plaintiffs respectfully submit this letter motion seeking an order (i) deeming withdrawn the unanswered party discovery requests served in connection with the now-cancelled November 10, 2026, evidentiary hearing, and (ii) precluding service of third-party subpoenas until issue has been joined and the parties have held their Rule 26(f) conference.

Background

Following Plaintiffs' filing of their motion for a preliminary injunction, the Court held a conference and set a schedule for the opposition and reply submissions. Dkt. No. 23 ¶¶ 2–3. The Court directed Defendant, in its opposition, to "address … whether a hearing is necessary to resolve the application." *Id.* ¶ 2. The Court also directed the parties to confer and file a joint letter proposing a schedule for limited discovery. *Id.* ¶ 1.

The parties filed that joint letter on September 1, 2026. Dkt. No. 25. We jointly represented that the limited discovery was sought "for the purpose of, *if the Court determines a hearing is required* for the Plaintiff's Motion for Preliminary Injunction, developing the record in connection with the Plaintiffs' pending Motion for a Preliminary Injunction." *Id.* at 1 (emphasis added). Defendant's own section of the letter confirmed the point: "DBGI's proposed scope of limited discovery is streamlined and targeted towards the underlying issues that it anticipates will be *the subject of the anticipated November 2026 hearing* on Plaintiffs' Motion for a Preliminary Injunction … " *Id.* at 2 (emphasis added). Defendant closed by stating: "It goes without saying that the merits are intertwined with limited discovery *in advance of the Preliminary Injunction hearing*, and Defendant's proposal above is expressly tailored to minimize the limited discovery that it will need to present in support of its position *at the Court's forthcoming hearing*." *Id.* at 3 (emphasis added).

The Court adopted the parties' joint proposals, Dkt. No. 25, and referred the case to Magistrate Judge Cave for settlement, Dkt. No. 26. On September 11, 2026, Judge Cave held a call with the parties to schedule a settlement conference. The parties explained that the timing of the conference would turn on whether this Court held the November 10, 2026, evidentiary hearing, and, with Judge Cave's agreement, reserved two dates. The first, September 29, 2026, would apply if the hearing was cancelled; in that event, as the parties discussed, there would be no discovery, because there would be no hearing for which to develop a record. The second, October 28, 2026, would apply if the hearing went forward, and was deliberately set at the end of the month so the parties could first complete the limited party and third-party discovery that would have been utilized during the November 10, 2026, evidentiary hearing. *See* Dkt. No. 34.

While the question of a hearing remained open, on Tuesday September 22, 2026, the parties exchanged document requests. On Thursday, September 24, 2026, the parties also exchanged notices of intent to serve subpoenas pursuant to Fed. R. Civ. P. 45(a)(4). Plaintiffs noticed one third-party subpoena; Defendant noticed ten.

On Friday, September 25, 2026, the Court cancelled the November 10, 2026 hearing, ruling that an evidentiary hearing is not necessary to resolve Plaintiffs' motion. Dkt. No. 41. That day, I emailed defense counsel: "With the Court's order of today, the discovery requests and the third-party discovery are to be withdrawn. If you disagree kindly let me know and I will draft a letter to the Court seeking guidance on the issue." After a follow-up email, Defendant responded "…we disagree that discovery, including third party discovery, is stayed. Judge Furman's minute entry on the docket does not suggest or indicate that discovery should not be happening in parallel with the upcoming hearing. We will be proceeding with the discovery that we have been discussing accordingly." Contrary to Defendant's position, there is no upcoming hearing, there is only oral argument. *See* Dkt. No. 41.

On the evening of September 25, 2026, the parties agreed that no third-party subpoenas would be served until counsel met and conferred by telephone. That call took place this afternoon, at 1:30 p.m. I was on the call on behalf of Plaintiffs and Stephen Tountas, James Christian and Christopher Goetz were on the call on behalf of Defendant. Each side reiterated the positions set forth in the September 25, 2026, email exchange, and the parties are at an impasse. Plaintiffs thereafter requested Defendant not serve any third-party discovery until the Court resolves this issue. Defendant respectfully rejected that request, arguing that because the Court did not specifically issue an order staying the permitted discovery, there was no such inference to be found in the termination order (Dkt. No. 41) that the Court intended the discovery set forth in the parties' joint letter (Dkt. No. 25) to be stayed. Plaintiffs disagree with the position, and this letter thus follows.

Accordingly, Plaintiffs seek clarification of the Court's termination order, specifically on the issue of whether the discovery permitted to move forward solely for the now cancelled November 10, 2026, preliminary injunction hearing, is stayed and/or ordered to be deemed withdrawn.

<u>Argument</u>

As both parties represented to the Court, the limited discovery had a single purpose: to develop a record for an evidentiary hearing on Plaintiffs' motion. Defendant itself described its proposal as "expressly tailored" to what it would need to present "at the Court's forthcoming hearing." Dkt. No. 25 at 3. The Court has now determined that no such hearing is necessary. Dkt. No. 41. With the hearing cancelled, the sole basis for early limited discovery no longer exists.

Absent authorization by court order, a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The only authorization for discovery at this stage was tied to the hearing. Dkt. No. 25. Defendant's position that discovery should proceed "in parallel" with a *hearing* that will not occur would convert limited, preliminary injunction hearing-specific discovery into general merits discovery before issue has been joined. That is not what the parties proposed or what the Court authorized. With the Court cancelling the November 10, 2026, hearing, axiomatically all discovery permitted solely for that hearing in accordance with this Court's order (Dkt. No. 25) should be withdrawn and/or stayed until after issue is joined. Defendant takes the position that because the Court's termination order (Dkt. No.. 41) did not address discovery, the Court therefore did not intend for the discovery to be stayed or withdrawn. Such an interpretation, however, runs contrary to the limited purpose for the discovery, the November 10, 2026, hearing that has since been terminated by the Court.

Accordingly, Plaintiffs respectfully request that the Court enter an order clarifying the termination order and ruling: (1) the termination of all dates associated with the November 10, 2026, scheduled hearing includes the termination of all discovery set forth in the joint submission by the parties (Dkt. No. 25); and (2) directing that if any third-party subpoenas have been served they are to be withdrawn, by letter, and said letters are to be filed with the Court.

I thank the Court for its attention to this matter.

Sincerely,

**Law Offices of Barry M. Bordetsky**

By: ____________________
Barry M. Bordetsky

c: Counsel for Defendant (by ECF)

Applications GRANTED. Insofar as discovery was in aid of the hearing, and the Court has canceled the hearing, discovery is stayed pending further order of the Court. Upon reflection, the Court will set a discovery schedule for all purposes at the conference next Tuesday. To that end, the parties shall promptly confer and submit the joint letter and proposed Case Management Plan required by ECF No. 9 no later than this Thursday. The initial pretrial conference scheduled for November 19, 2026, is canceled. The Clerk of Court is directed to terminate ECF No. 44. SO ORDERED.

October 6, 2026