# LAW OFFICES OF BARRY M. BORDETSKY

**570 Lexington Avenue, 24th Floor**
**New York, NY 10022**
**Tel.: (212) 688-0008**

**1719 NJ-10, West Wing, Ste. 300**
**Parsippany Troy Hills, NJ 07054**
**Tel.: (973) 998-6596**
**Fax: (973) 937-7850**
***Please respond to NJ address**

**EMAIL: barry@bordetskylaw.com**

**Admitted in NY/NJ**

***Of Counsel, Littman Krooks LLP**


October 6, 2026

**By ECF**
Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court
For the Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

**MEMO ENDORSED**

**Re: *Gaucher, et al. v. Digital Brands Group, Inc.*, No. 26 Civ. 6889 (JMF) (SLC) Letter-Motion for Leave to Respond to Defendant's Submission on the Order to Show Cause (Dkt. No. 53)**

Dear Magistrate Judge Cave:

I represent plaintiffs Philip E. Gaucher, Jr. and Joey Giamichael (collectively "Plaintiffs") in this case. I am writing to respectfully request leave to file a response to any submission by Defendant, including that of Mr. Davis as required in this Court's Order to Show Cause (Dkt. No. 53) (the "OSC") issued today.

The OSC directs Defendant to show cause by October 16, 2026, supported by a declaration from Mr. Davis, why it should not be sanctioned. The OSC does not provide a date for Plaintiffs to respond. Plaintiffs request an opportunity to submit a response on or before October 27, 2026.

**Why a Response Is Warranted**

*First*, Plaintiffs are the parties who bore the cost of the noncompliance the OSC addresses. As the OSC recites, where a party fails to obey a pretrial order, the Court "must order" payment of "the reasonable expenses—including attorney's fees—incurred because of any noncompliance," unless the noncompliance "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). The Standing Order likewise provides that a party who fails to attend with all required persons may be required to reimburse the other parties for their time and travel expenses. (Dkt. No. 34) The OSC further states "sanctions may include monetary sanctions, attorneys' fees, and costs." Only Plaintiffs can document those expenses.

*Second*, Plaintiffs have first-hand knowledge bearing on the two questions Rule 16(f)(2) poses: whether the noncompliance was substantially justified, and whether an award of expenses would be unjust. After Your Honor's September 25, 2026, order (Dkt. No. 42), Plaintiffs made the requisite travel arrangements and thereafter traveled to New York from outside the continental United States for the conference, on the date the parties jointly selected and agreed would be <u>in person,</u> and can

address the costs incurred with the travel. The requested response to Mr. Davis's declaration will give the Court a complete record on which to decide the OSC.

*Third*, the request will cause no prejudice or delay. Plaintiffs' response would be confined to: (i) countering any legal arguments addressed by Defendant; (ii) countering the content in any submission by Mr. Davis; and (iii) whether Mr. Davis complies with this order or not, providing the Court with the requisite costs of attendance by Plaintiffs (including travel and associated expenses) as was well as legal fees associated with the preparation and appearance at the settlement conference.

I thank the Court for its consideration of this request.

Respectfully submitted,

**Law Offices of Barry M. Bordetsky**

By: ______________________
Barry M. Bordetsky

c: Defendant's Counsel (by ECF)

Plaintiffs' request at Dkt. No. 54 is **GRANTED**.

By **October 16, 2026**, Defendant shall file their submission ("Defendant's Submission") as required by the Court's Order to Show Cause. (Dkt. No. 53 at 3).

By **October 27, 2026**, Plaintiffs shall file their response, if any, to Defendant's Submission.

The Clerk of Court is respectfully directed to close Dkt. No. 54.

SO ORDERED. October 7, 2026

**SARAH L. CAVE**
**United States Magistrate Judge**