# KASOWITZ LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

STEPHEN W. TOUNTAS
DIRECT DIAL: (212) 506-1739
DIRECT FAX: (212) 500-3550
STOUNTAS@KASOWITZ.COM

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

October 14, 2026

**VIA ECF**

Hon. Jesse M. Furman
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Gaucher et al. v. Digital Brands Grp.*, No. 1:26-cv-06889-JMF
Response to Plaintiffs' Letter (Dkt. 68)

Dear Judge Furman:

We represent Defendant Digital Brands Group, Inc. ("DBGI"). We write in response to Plaintiffs' submissions today consistent with the Court's Order (Dkts. 67, 68).

DBGI is surprised Plaintiffs have raced to the Court to settle ordinary course discussions on the papering of a bench ruling. We regret this was not resolved between counsel as it should have been.

Plaintiffs' proposed order is inconsistent with the Court's ruling yesterday. *First*, Plaintiffs' proposed order is not consistent with the SPA. The term "Transaction Documents" is defined in the SPA to include a range of documents related to relevant transactions.[1] But in Plaintiffs' proposed order, the same term includes only the SPA and COD.[2] *See* Dkt. 68-5 ¶ 1. The proposed order then recites language from the SPA that includes the term "Transaction Documents" but the term's meaning is not the same as in the SPA. *Compare* Dkt. 68-5, ¶ 3 *with* Dkt. 13-2, Section 4.1(e).

Similarly, Section 4.1(e) does not include language regarding "all those acting in concert with [DBGI][.]" Dkt. 68-5, ¶¶ 2-3. Plaintiffs added this language, which was not addressed at oral argument or in the Court's ruling.

DBGI does not understand yesterday's ruling to have modified the terms of the contracts between the parties, but to have judicially enforced Section 4.1(e) of the SPA. If DBGI is

---

[1] *See* Dkt. 13-2 at 7 ("'Transaction Documents' means this Agreement, the Series D COD, the Placement Agency Agreement, the Registration Rights Agreement, all schedules and exhibits thereto and hereto and any other documents or agreements executed in connection with the transactions contemplated hereunder.").

[2] Plaintiffs use the term "Transactional Documents" and "Transaction Documents" interchangeably, seemingly due to a typographical error, but there is only one such defined term in the proposed order. *See* Dkt. 68-5.

mistaken, DBGI respectfully requests clarification of the scope of the additional injunctive relief granted.

*Second*, there are several other inclusions that DBGI believes are beyond the scope of the Court's ruling yesterday.

- The Court did not grant Plaintiffs' motion in full, as Plaintiffs withdrew the parts of the motion during oral argument.[3]

- The Court ruled that it found irreparable harm as part of its preliminary injunction analysis. It did not rule that failure to comply with its ruling would constitute irreparable harm. Violating the Court's order would implicate a separate legal analysis altogether.

We attempted to discuss the terms of the proposed order with Mr. Bordetsky to ensure an agreeable proposed order was filed today. This afternoon, Mr. Bordetsky declined to take part in those discussions and e-mailed the Court instead. *See* Ex. 1.

We have advised our client that he needs to comply with the Court's ruling yesterday without delay and had informed Mr. Bordetsky we would do so hours before he e-mailed the Court.

To the extent it would resolve these issues, DBGI has submitted a proposed order it believes is consistent with the Court's ruling without the issues raised above. *See* Ex. 2.

For the reasons above, we respectfully request that the Court enter DBGI's proposed order instead or instruct Plaintiffs to resume discussions with DBGI and submit a revised proposed order.

Respectfully submitted,

Christopher Goetz

Christopher R. Goetz

cc: All counsel of record (via ECF)

[3] DBGI understood Plaintiffs to have withdrawn their requests for injunctive relief beyond the scope of the contracts at the hearing, acknowledging they lacked adequate basis. Plaintiffs apparently now contend the scope of this withdrawal only pertained to a single request. *See* Dkt. 68-2.