UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PHILIP E. GAUCHER, JR. and JOEY GIAMICHAEL,**<br>Plaintiffs,<br>v.<br>**DIGITAL BRANDS GROUP, INC.,**<br>Defendant. | **Case No. 26-cv-6889 (JMF)** |

## DEFENDANT'S RESPONSE TO THE ORDER TO SHOW CAUSE

Defendant Digital Brands Group, Inc. ("DBGI"), by and through its undersigned counsel, respectfully submits this Response to the Court's Order to Show Cause dated October 6, 2026 (ECF No. 53) (the "Order"), together with the accompanying Declaration of John Hil Davis IV (the "Davis Declaration"), and respectfully submits that no sanction should be imposed under Federal Rule of Civil Procedure 16(f)(1). Fed. R. Civ. P. 16.

## PRELIMINARY STATEMENT

The Order directs DBGI to show cause why it should not be sanctioned for the telephonic — rather than in-person — appearance of its principal, John Hil Davis IV, at the September 29, 2026 settlement conference before Magistrate Judge Cave. DBGI respectfully submits that no sanction is warranted, for multiple independent reasons as is set forth below:

1. First, Mr. Davis's telephonic appearance was permitted by the Court's own stand by orders. The Settlement Conference Scheduling Order (Dkt. No. 34) expressly contemplates that a party's representative may appear "remotely," requiring only that a remote participant do so "from a location suitable for a proceeding in Federal Court." (Dkt. No. 34 at 1.) And Paragraph 7(b) of the incorporated

Standing Order permits a client to attend "by telephone" where the party "lives and works more than 100 miles from the Courthouse and it would be a great hardship for the party to attend the conference on any date." Mr. Davis is a Texas resident who, despite diligent efforts, could not secure travel in the required time frame to New York, and he reasonably believed his telephonic appearance to be authorized by these provisions. Because his conduct fell within what the orders permit, there was no willful failure to comply.

2. Second, even if DBGI should have made a formal application under Paragraph 7(b) or sought an adjournment under Paragraph 9, any such noncompliance was substantially justified and not willful. Rule 16(f)(2) makes an award of expenses mandatory only where the noncompliance was not "substantially justified" and where no "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16. Mr. Davis's genuine inability to travel, his good-faith reliance on Paragraph 7(b), and DBGI's advance disclosure of the telephonic appearance each supply that justification.

3. Third, DBGI satisfied the core purpose of the attendance requirement. The Standing Order requires that the corporate decision-maker with ultimate settlement authority attend the conference. (Dkt. No. 34 at 7) That person — Mr. Davis — did participate, by telephone, as Paragraph 7(b) permits, and DBGI's lead counsel attended in person. The conference proceeded and DBGI engaged in good faith.

4. At most, any deviation here was a first, non-willful, non-prejudicial lapse for which the Court's broad discretion counsels no sanction, or a measure well short of the monetary sanctions, fees, and costs identified in the Order. *Erdman v. Victor*, 345 F.R.D. 60, 65 (S.D.N.Y. 2024)

**BACKGROUND**

5. On September 1, 2026, this action was referred to Magistrate Judge Cave for a settlement conference. On September 11, 2026, the Court entered the Settlement Conference Scheduling Order (Dkt. No. 34) (the "Scheduling Order"), which scheduled the conference on one of two alternative in-person dates — September 29, 2026 or October 28, 2026, in Courtroom 18A at 500 Pearl Street — and

incorporated by reference the Court's "Standing Order Applicable to Settlement Conferences Before Magistrate Judge Cave" (the "Standing Order").

6. The Scheduling Order and Standing Order set out the attendance requirements at issue. The Scheduling Order directs that a representative of each party "participate in the settlement conference for the entire duration of the scheduled conference and, if appearing remotely, from a location suitable for a proceeding in Federal Court, i.e., a non-public location without background noise or distractions." (Dkt. No. 34 at 2) Paragraph 3 of the Standing Order requires that "[e]ach party must attend the settlement conference in the format prescribed by the Court, accompanied by that party's lead attorney(s)." (Dkt. No. 34 at 5.) Paragraph 7 provides that the person who attends for a corporate party must be "the person with ultimate responsibility for determining the amount of any settlement." (Dkt. No. 34 at 6.) Paragraph 7(b) provides that a "client or insurer's attendance by telephone may be permitted if the party lives and works more than 100 miles from the Courthouse and it would be a great hardship for the party to attend the conference on any date." (Dkt. No. 34 at 6) The Scheduling Order further states that "[f]ailure to comply with all of the terms of this Settlement Conference Scheduling Order constitutes violation of a Court Order, for which sanctions, including reasonable attorneys' fees and costs, may be awarded." (Dkt. No. 34 at 4.)

7. After Judge Furman determined on September 25, 2026 that no evidentiary hearing on Plaintiffs' preliminary-injunction motion was necessary, the Court entered an Order (Dkt. No. 42) confirming that the September 29, 2026 conference would proceed in person, cancelling the October 28, 2026 alternative date, directing that the Standing Order remained in effect, and setting the parties' pre-conference submissions — including the Attendance Acknowledgment form — for September 28, 2026 at 1:00 p.m. ET.

8. In advance of the conference, Mr. Davis understood that he would be able to participate by telephone and arranged to be available by telephone. (Davis Decl. ¶ 5.) The need for his in-person attendance became apparent to him only on September 28, 2026 — the day before the conference — by which time no flight could have brought him to the Courthouse in time for the 10:00 a.m. start on September 29: the last same-day flight would have left him approximately fifteen minutes to depart for the airport, and the next available flight would not have landed in New York until after the conference was scheduled to begin. (Davis Decl. ¶¶ 7-8.) Mr. Davis offered to appear in person on any other day. (Davis Decl. ¶ 8.)

9. On September 28, 2026, DBGI submitted its pre-conference materials and disclosed that Mr. Davis would appear at the conference by telephone. (Dkt. No. 52.) When the Court reminded DBGI's counsel that the conference was to be in person, counsel explained that Mr. Davis resided in Texas and intended to participate by telephone pursuant to Paragraph 7(b) because he had been unable to secure a flight to New York. The conference proceeded on September 29, 2026; DBGI's counsel appeared in person and Mr. Davis appeared by telephone, while Plaintiffs appeared in person and objected, requesting their travel costs. The facts concerning Mr. Davis's residence, his efforts to arrange travel, and his participation are set out in the accompanying Davis Declaration.

**APPLICABLE LEGAL STANDARD**

10. Courts in this Circuit, borrowing from Rule 37(b), weigh four non-exclusive factors in deciding whether and how to sanction: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Erdman v. Victor*, 345 F.R.D. 60, 62 (S.D.N.Y. 2024). Those factors "need not each be resolved against" the party to be within the Court's discretion. *Martin v. Giordano*, No. 11CV4507ARRJO, 2016 WL 4411401

(E.D.N.Y. Aug. 18, 2016). Where a monetary sanction is not warranted, the Court may forgo it and impose a lesser, tailored measure. *Erdman v. Victor*, 345 F.R.D. 60, 65 (S.D.N.Y. 2024).

## ARGUMENT

### I. Mr. Davis's Telephonic Appearance Was Permitted by the Court's Orders.

11. A sanction under Rule 16(f) presupposes a failure to comply with an order. See *Reilly v. City of New York*, No. 23-CV-00521 (AS) (VF), 2025 WL 2081551 (S.D.N.Y. July 24, 2025) (declining to impose Rule 16(f) sanctions and noting the court was "not aware of any case in this Circuit where a court imposed sanctions under Rule 16(f) and the sanctioned party had not violated a court order"). In the cases imposing such sanctions, the scheduling order "explicitly directed" in-person attendance or attendance with settlement authority, with no applicable exception, and the sanctioned party disregarded that directive outright. *Reilly v. City of New York,* No. 23-CV-00521 (AS) (VF), 2025 WL 2081551 (S.D.N.Y. July 24, 2025).

12. Here, by contrast, the Court's orders accommodate the appearance Mr. Davis made. The Scheduling Order contemplates that a party's representative may appear "remotely," requiring only that the representative participate "for the entire duration" and "from a location suitable for a proceeding in Federal Court." (Dkt. No. 34 at 2.) Paragraph 7(b) of the Standing Order in turn permits a client's "attendance by telephone" where the party "lives and works more than 100 miles from the Courthouse and it would be a great hardship for the party to attend the conference on any date." (Dkt. No. 34 at 6.) Mr. Davis resides and works in Texas, far more than 100 miles from the Courthouse, and — despite diligent efforts — was unable to secure travel to New York for the September 29 conference. (Davis Decl. ¶¶ 4, 7-8.) He participated by telephone for the entire conference from a suitable private location. (Davis Decl. ¶ 13.) Because that the Scheduling Order permits such appearance, DBGI did not "[f]ail[] to comply with" the Scheduling Order. (Dkt. No. 34 at 4) A party that acts within an express accommodation in the order

has not violated it, and there is accordingly no predicate for a Rule 16(f) sanction. *Reilly v. City of New York*, No. 23-CV-00521 (AS) (VF), 2025 WL 2081551 (S.D.N.Y. July 24, 2025).

**II. Any Technical Noncompliance Was Substantially Justified and Not Willful.**

13. DBGI recognizes that Paragraph 7(b) frames telephonic attendance as something that "may be permitted," and that Paragraph 9 of the Standing Order establishes a procedure for seeking an adjournment where a client who would otherwise appear by telephone "would be available to attend in person if the conference were held on another date." To the extent the Court concludes that DBGI should have sought advance permission under Paragraph 7(b), or should have applied for an adjournment under Paragraph 9 rather than proceeding on the basis of its disclosure, no fee or cost award follows, because any such noncompliance was "substantially justified" and the circumstances "make an award of expenses unjust." Fed. R. Civ. P. 16.

14. The adjournment procedure was not a ready alternative here. Paragraph 9(a)'s adjournment obligation is triggered only where the client "would be available to attend in person if the conference were held on another date." The need for Mr. Davis's in-person attendance became apparent only on September 28, 2026, the day before the conference. (Davis Decl. ¶ 6.) By that point, the only alternative date the Court had identified — October 28, 2026 — had already been cancelled by the Court's September 25 Order after the parties elected to proceed on September 29. No flight could have brought Mr. Davis from Texas to the Courthouse in time for the September 29 conference: the last same-day flight would have left him roughly fifteen minutes to leave for the airport, and the next available flight would not have landed until after the conference began. (Davis Decl. ¶¶ 7-8.)

**III. Additional Reasons for Which Mr. Davis Could Not Comply**

15. A further circumstance compounded the hardship of Mr. Davis: Mr. Davis and his partner serve as volunteer puppy raisers for Canine Companions and then had custody of one service dog in

training and one previously trained Canine Companions service dog that helps train the service dogs in training, under the organization's rules, could not be left with anyone who is not an authorized Canine Companions volunteer or employee; with his spouse then traveling outside the country, Mr. Davis could not arrange compliant care for the dogs on less than several days' notice. (Davis Decl. ¶ 10.) In these circumstances — a late-arising, genuine inability to travel, with no alternative conference date then available — Mr. Davis's good-faith understanding that Paragraph 7(b) authorized his telephonic appearance, rather than any disregard of the Court's orders, explains his conduct. (Davis Decl. ¶¶ 7-12.) DBGI did not conceal the issue: it disclosed Mr. Davis's intended telephonic appearance in its pre-conference submission, and counsel promptly explained the Paragraph 7(b) basis for it when the Court inquired. (Davis Decl. ¶ 11.) That good-faith, disclosed reliance on an express provision of the Standing Order negates the willfulness the discretionary factors treat as central. *Erdman v. Victor,* 345 F.R.D. 60, 62 (S.D.N.Y. 2024).

**IV. DBGI Satisfied the Core Purpose of the Attendance Requirement.**

16. The attendance requirement exists to ensure that the person "with ultimate responsibility for determining the amount of any settlement" hears the adversary's presentation and is available to the Court. (Dkt. No. 34 at 6.) DBGI met that objective. Mr. Davis — the decision-maker the Standing Order requires — participated in the conference, by telephone as Paragraph 7(b) permits, and remained available throughout; DBGI's lead counsel attended in person. (Dkt. No. 34 at 6) (Davis Decl. ¶ 13.) The Federal Rules confirm that this arrangement suffices: a represented party must authorize at least one attorney to make stipulations and admissions, and the court "may require that a party or its representative be present or reasonably available by other means to consider possible settlement." Fed. R. Civ. P. 16. As the Advisory Committee explained, "[w]hen a party or its representative is not present, it is enough to be

reasonably available by any suitable means, whether telephone or other communication device." Fed. R. Civ. P. 16 advisory committee's note to 2007 amendment.

**V. The Discretionary Factors Counsel No Sanction, or at Most a Minimal Non-Monetary Measure.**

17. Even where a violation is found, the Court has "wide discretion" and may decline to impose a monetary sanction. *Erdman v. Victor,* 345 F.R.D. 60, 62 (S.D.N.Y. 2024). In *Erdman v. Victor*, 345 F.R.D. 60 (S.D.N.Y. 2024), the court found that repeated violations would have "amply justified" a fine, yet exercised its discretion to forgo any monetary sanction in favor of tailored, non-monetary measures accompanied by a warning. *Erdman v. Victor,* 345 F.R.D. 60, 65 (S.D.N.Y. 2024). The discretionary factors weigh even more heavily against a sanction here: Mr. Davis's noncompliance, if any, was not willful; it was an isolated, single-occasion event rather than a sustained course of conduct; and DBGI had not previously been warned that its disclosed reliance on Paragraph 7(b) would be treated as a sanctionable violation. *Erdman v. Victor,* 345 F.R.D. 60, 62 (S.D.N.Y. 2024). Should the Court conclude that some response is warranted, a lesser, non-monetary measure — rather than the monetary sanctions, fees, and costs referenced in the Order — would be the "just" result. *Erdman v. Victor,* 345 F.R.D. 60, 65 (S.D.N.Y. 2024).

**VI. Plaintiffs' Request for Travel Costs Should Be Denied.**

18. At the conference, Plaintiffs requested compensation for their travel costs, attorney's fees and costs. Paragraph 8 of the Standing Order authorizes a travel-expense reimbursement where "a party fails to attend the settlement conference with all of the required persons." (Dkt. No. 34 at 7.) That predicate is not met: Mr. Davis, the decision-maker, did attend — by telephone, as Paragraph 7(b) permits — and DBGI's counsel attended in person. (Dkt. No. 34 at 6.) For the same reasons, and because any technical noncompliance was substantially justified, Rule 16(f)(2) does not mandate an expense award. Fed. R. Civ.

P. 16. While courts have, upon finding a sanctionable violation, awarded an opposing party's travel expenses, such awards follow only from a violated order and an unjustified failure to comply. *Lopez v. New York City Dep't of Educ.*, No. 17-CV-9205 (RA) (BCM), 2023 WL 12078787 (S.D.N.Y. May 4, 2023). Neither predicate is present here. Should the Court nonetheless be inclined to shift any expense, DBGI respectfully requests the opportunity to be heard on the amount and reasonableness of any costs claimed, which Plaintiffs have not documented.

**CONCLUSION**

For the foregoing reasons, DBGI respectfully requests that the Court decline to impose any sanction under Rule 16(f) and grant such other and further relief as the Court deems just and proper. Fed. R. Civ. P. 16.

Respectfully submitted,

Dated: New York, New York
October 16, 2026

By: */s/ James W. Christian*

James W. Christian
ChristianAttar
1177 West Loop South, Ste 1700
Houston, Texas 77027
Tel: (713) 659-7617
jchristian@christianattarlaw.com

Stephen W. Tountas
Kasowitz LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
stountas@kasowitz.com

*Attorneys for Defendant*
*Digital Brands Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, I caused a true and correct copy of the foregoing to be filed and served upon all counsel of record via the Court's CM/ECF system, and additionally served it upon Plaintiffs' counsel by electronic mail at the address below:

Barry M. Bordetsky, Esq.
LAW OFFICES OF BARRY M. BORDETSKY
570 Lexington Avenue, 24th Floor
New York, New York 10022
barry@bordetskylaw.com
*Attorneys for Plaintiffs*

*/s/ James W. Christian*
James W. Christian