Docusign Envelope ID: 4EABDAEF-1FF6-8ECA-80F0-17123CF35E6F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PHILIP E. GAUCHER, JR. and JOEY GIAMICHAEL**,<br><br>Plaintiffs,<br><br>v.<br><br>**DIGITAL BRANDS GROUP, INC.,**<br><br>Defendant. | **Case No. 26-cv-6889 (JMF)** |

**DECLARATION OF JOHN HIL DAVIS IV IN SUPPORT OF THE RESPONSE TO THE ORDER TO SHOW CAUSE**

JOHN HIL DAVIS IV, pursuant to 28 U.S.C. § 1746, hereby declares as follows:.

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration.

2. Except where otherwise stated to be on information and belief, the matters set forth in this Declaration are based on my personal knowledge, and if called as a witness I could and would testify competently to them.

3. I am the Chief Executive Officer and principal of Defendant Digital Brands Group, Inc. ("DBGI"), and I am the person at DBGI with ultimate responsibility for determining the amount of any settlement in this action. I submit this Declaration in support of DBGI's Response to the Court's Order to Show Cause dated October 6, 2026 (Dkt. No. 53).

4. I reside in Austin, Texas, and I work for DBGI in Austin, Texas. Both my residence and my place of work are located more than 100 miles from the United States Courthouse in New York, New York.

5. I understood that the settlement conference in this action was scheduled before Magistrate Judge Sarah L. Cave for September 29, 2026 at 10:00 a.m. in New York. In advance of the conference, I understood that I would be able to participate by telephone, and I arranged to be available by telephone for the conference.

6. I first understood that my in-person attendance was expected on September 28, 2026 — the day before the conference.

7. Upon learning that my in-person attendance was expected, I immediately checked the available flights from Texas to New York. There was no flight that could have brought me to the Courthouse in time for the 10:00 a.m. conference on September 29, 2026. The last same-day flight departed at approximately 5:00 p.m. on September 28, which would have left me only about fifteen minutes to pack and leave for the airport, and the next available flight would not have landed in New York until approximately 11:00 a.m. on September 29, 2026 — after the conference was scheduled to begin.

8. Because the need for my in-person attendance became apparent to me only the day before the conference, no flight could have brought me to New York in time, and attending in person on September 29, 2026 was not feasible. I understand that the alternative October 28, 2026 conference date had been cancelled by the Court's September 25, 2026 Order.

9. Given that my residence and place of work in Texas are more than 100 miles from the Courthouse, and given that the need for my in-person attendance became apparent only approximately one day before the conference, attending in person on September 29, 2026 would have imposed a great hardship on me.

10. An additional circumstance compounded that hardship. My partner and I serve as volunteer puppy raisers for Canine Companions, an organization that raises and provides service dogs. At the time of the conference, we had custody of one service dog in training and one previously trained Canine

Companions service dog that helps train the service dogs in training, which under Canine Companions' rules may not be left in the care of anyone who is not a Canine Companions volunteer puppy raiser or employee. My partner was then traveling outside the United States, and on less than one day's notice I was unable to arrange care for the dogs that would comply with Canine Companions' rules. (*See* Ex. [1].) This further prevented me from traveling to New York to attend the conference in person on September 29, 2026.

a. "We are raising Deke (hockey term that the fans named him) for the Texas Stars (the minor league team for the Dallas Stars) and they paid Canine Companions $250,000.00 to sponsor and name the dog and for Public Relations, etc."
https://www.instagram.com/txstarshockey/?hl=en

b. "We also have Toulouse, Deke's sister, whom we raised for Canine Companions; she assists with training and has to be treated like a Canine Companions dog b/c she did not make it; she won't enter dark spaces like elevators or cars with all-black interiors on her own. However, she serves as a training model, allowing the puppies to learn faster and achieve a higher success rate.

As stated, we can't leave either dog with anyone who isn't a Canine Companions volunteer puppy raiser or employee

Deke is not our dog, we are volunteers, he is the property of Canine Companions. Toulouse is our dog but she must abide by Canine Companions' rules.

It costs $50,000 to raise a dog per their estimate. You can imagine how seriously they take it, and only 50% are able to enter professional service or as therapy dogs."

11. Through counsel, DBGI disclosed in its September 28, 2026 pre-conference submission — including the Attendance Acknowledgment form — that I intended to appear at the conference by telephone rather than in person. When the Court advised that the conference was to proceed in person, DBGI's counsel explained to the Court that I resided in Texas and intended to participate by telephone pursuant to Paragraph 7(b) of the Standing Order because I had been unable to secure a flight to New York.

Docusign Envelope ID: 4EABDAEF-1FF6-8ECA-80F0-17123CF35E6F

12. I understood in good faith that my telephonic attendance was permitted under Paragraph 7(b) of the Standing Order, which provides that a client's attendance by telephone may be permitted if the party lives and works more than 100 miles from the Courthouse and it would be a great hardship for the party to attend the conference on any date. I did not understand my telephonic appearance to be a disregard of the Court's orders.

13. I participated in the September 29, 2026 settlement conference by telephone for its entire duration, from a private, non-public location free of background noise and distractions. I retained and was prepared to exercise full authority to settle this matter on DBGI's behalf, and I responded to all matters addressed during the conference. In addition, numerous other phone calls and conferences were held after the official settlement conference, unfortunately to no avail.

14. I participated in the settlement conference in good faith and with the genuine intention of resolving this matter. At no time did I knowingly disregard, or intend to disregard, the Court's Scheduling Order or Standing Order.

15. I sincerely regret the inconvenience that my telephonic appearance caused the Court and Plaintiffs. Had I understood earlier that an advance application for permission under Paragraph 7(b), or an application for an adjournment under Paragraph 9, was required notwithstanding my circumstances, I would have made the appropriate application in advance of the conference. Realistically, that would take multiple days based on finding the appropriate qualified person to take care of the above-mentioned dogs.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 16, 2026, at Raleigh, North Carolina.

Signed by:
John Hilburn Davis IV
9FCADF60CC7F47D...

JOHN HIL DAVIS IV

Docusign Envelope ID: 4EABDAEF-1FF6-8ECA-80F0-17123CF35E6F