**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILIP E. GAUCHER, JR. and JOEY GIAMICHAEL,<br><br>Plaintiffs,<br><br>– against –<br><br>DIGITAL BRANDS GROUP, INC.,<br><br>Defendant. | Case No. 26-cv-6889 (JMF)(SLC)<br><br>**[PROPOSED] ORDER TO SHOW CAUSE FOR CIVIL CONTEMPT** |

Upon the Declaration of Barry M. Bordetsky, dated October 20, 2026, Declaration of Philip E. Gaucher, Jr., dated October 20, 2026, and the exhibits annexed thereto; the Declaration of Joey Giamichael, dated October 20, 2026, and the exhibits annexed thereto; the accompanying Memorandum of Law, dated October 20, 2026; the Court's ruling from the bench at the hearing held on October 13, 2026 (Dkt. 71); the Court's Order Granting Preliminary Injunction entered October 15, 2026 (Dkt. 70) (the "Order"); and all prior pleadings and proceedings herein; and it appearing that Defendant Digital Brands Group, Inc. ("DBGI") and its Chief Executive Officer, John Hilburn Davis, IV ("Davis"), had actual notice of the Order and are bound by it under Paragraph 4 of the Order and Federal Rule of Civil Procedure 65(d)(2); and good and sufficient reasons having been shown for proceeding by order to show cause pursuant to Local Civil Rules 6.1(d) and 83.6(a), it is hereby

**ORDERED** that DBGI and Davis show cause before the Honorable Jesse M. Furman, United States District Judge, in Courtroom 24B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, on ________________, 2026, at ______ __.m., or as soon thereafter as counsel may be heard, why an order should not be entered

pursuant to Federal Rule of Civil Procedure 70(a), Local Civil Rule 83.6, and the Court's inherent power:

(a) adjudging DBGI and Davis, jointly and severally, in civil contempt of the Order for withholding performance of DBGI's obligation to honor and approve without first complying with Section 4.1(e) of the Securities Purchase Agreement dated August 8, 2025, as amended (the "SPA") the Notices of Conversion of Plaintiffs Philip E. Gaucher, Jr. and Joey Giamichael, each dated October 16, 2026 (the "October 16 Notices");

(b) directing DBGI and Davis, jointly and severally, to pay to each Plaintiff the sum of $116,451.40, by wire transfer within seven (7) business days of the entry of such order, as compensation for losses resulting from their noncompliance with the Order;

(c) providing that, if DBGI fails to pay any sum ordered within the time directed by the Court, DBGI's affirmative defenses and counterclaims shall be stricken and dismissed;

(d) awarding Plaintiffs their reasonable attorneys' fees and costs incurred in connection with DBGI's noncompliance and this contempt proceeding, in an amount to be fixed upon Plaintiffs' submission on a schedule set by the Court;

(e) providing that, if DBGI fails to deliver for future Notices of Conversions submitted by either Plaintiff, either Exhibit II Acknowledgment within that time set forth in the SPA, the Court's order shall itself constitute DBGI's acknowledgment of, and direction to ClearTrust or any subsequent transfer agent of DBGI to honor any subsequent Notices of Conversions from Plaintiffs with the same effect as if

executed by DBGI within the time periods prescribed by the Transaction Documents (as defined in the Securities Purchase Agreement dated August 8, 2025 (the "SPA"));

(f) imposing upon DBGI and Davis, jointly and severally, a coercive fine of $5,000 per Plaintiff for each Trading Day on which a Plaintiff's Notices of Conversion submitted after the entry of such order is not honored and approved in accordance with the Order and the Transaction Documents;

(g) directing DBGI's transfer agent, ClearTrust, LLC, and any successor transfer agent — each as DBGI's agent bound by Paragraph 4 of the Order to issue and deliver the Conversion Shares free of restrictive legends, by crediting the DTC account designated in the Notice of Conversion, within the time periods set forth in the SPA and the Certificate of Designation, and in any event no later than two (2) Trading Days after delivery of the Notice of Conversion (SPA §§ 4.1(c), 4.13), without requiring any approval, acknowledgment, or confirmation from DBGI or Davis;

(f) directing DBGI, within one (1) Trading Day, (i) to cause its counsel to deliver to the transfer agent any legal opinion the transfer agent requires to issue the Conversion Shares free of legend (SPA §§ 4.1(c), 4.1(f)); and (ii) to deliver to the transfer agent an irrevocable instruction letter, in substance equivalent to DBGI's August 8, 2025 irrevocable reservation and instruction letter to its prior transfer agent (Dkt. 13 ¶ 29 & Ex. 4), directing the transfer agent to act on Plaintiffs' Notices of Conversion "without the need for any action or confirmation by the Company"; and further providing, pursuant to Fed. R. Civ. P. 70(a), that if DBGI fails to do so, (x) the transfer agent may rely on an opinion of counsel selected by Plaintiffs, at

DBGI's expense, and (y) this Order shall itself serve as that instruction and have the same effect as if executed by DBGI;

(g) granting Plaintiffs such other and further relief as the Court deems just and proper; and it is further

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing and determination of this motion:

(1) DBGI shall, within one (1) Trading Day of service of this Order, deliver to ClearTrust a fully executed Exhibit II Acknowledgment for each of the October 16 Notices;

**ORDERED** that Davis shall appear **IN PERSON** at the hearing on the return date of this Order; and it is further

**ORDERED** that service of a copy of this Order to Show Cause and the papers on which it is granted (i) upon DBGI by ECF and by email to its counsel of record, Stephen W. Tountas, Esq. and Christopher Goetz, Esq. (Kasowitz LLP) and James W. Christian, Esq.; (ii) upon Davis by personal service at the headquarters of DBGI, located at 350 Texas Avenue, Suite 250, Round rock, Texas 78664, and if said service cannot be effectuated in two business days, by email to hil@dstld.la; and (iii) upon ClearTrust, LLC by email to inbox@cleartrusttransfer.com and by overnight courier to 2420 Brunello Trace, Lutz, Florida 33558, and its counsel, Mark Harmon, Esq. of Chiesa Shahinian & Giantornasi PC, 11 Times Square, 34th Floor, New York, New York 10036, and by email at mharmon@csglaw.com on or before ______________, 2026, shall be deemed good and sufficient service; and it is further

**ORDERED** that opposing papers, if any, shall be filed via ECF and served by email upon Plaintiffs' counsel, Barry M. Bordetsky, Esq. (barry@bordetskylaw.com), on or before

____________, 2026, at ______ __.m., and reply papers, if any, shall be filed and served on or before ____________, 2026, at ______ __.m.; and it is further

**ORDERED** that failure of DBGI or Davis to appear, or to file papers in opposition, may result in the relief requested being granted by default.

Dated: New York, New York
____________, 2026

**SO ORDERED.**

____________________________________
Hon. Jesse M. Furman
United States District Judge