# LAW OFFICES OF BARRY M. BORDETSKY

**570 Lexington Avenue, 24th Floor**
**New York, NY 10022**
**Tel.: (212) 688-0008**

**1719 NJ-10, West Wing, Ste. 300**
**Parsippany Troy Hills, NJ 07054**
**Tel.: (973) 998-6596**
**Fax: (973) 937-7850**
***Please respond to NJ address**

**EMAIL: barry@bordetskylaw.com**

**Admitted in NY/NJ**

***Of Counsel, Littman Krooks LLP**


November 13, 2026

**By ECF**
Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court
For the Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

**Re: *Gaucher, et al. v. Digital Brands Group, Inc.*, No. 26 Civ. 6889 (JMF) (SLC)**

Dear Magistrate Judge Cave:

I represent plaintiffs Philip E. Gaucher, Jr. and Joey Giamichael (collectively "Plaintiffs") in this case. Moments ago, Your Honor issued an Opinion and Order (Dkt. 125) in which the Court sanctioned defendant Digital Brands Group, Inc. ("DBGI") $3,651.449 for its failure to have its representative, John Hil Davis, IV, appear in person for the September 29, 2026, settlement conference.

The last sentence of the continued paragraph on page nine reads:

> However commendable Mr. Davis' efforts to raise service dogs may be, his post-hoc rationalization only further compromises his credibility before this Court. Finally, while the Court acknowledges that Mr. Davis did participate in the Settlement Conference by telephone, we cannot help but conclude, from the brevity of the Settlement Conference, that it diminished the possibility of a productive dialogue concerning any resolution of the parties' disputes, which have only multiplied since the Settlement Conference. (See, e.g., Dkt. Nos. 77 (Plaintiffs' motion for bond); 80 (***DBGI's*** motion for civil contempt); 109 (DBGI's motion for temporary restraining order)).

Dkt. 125 (emphasis added).

Docket 80 is a motion for civil contempt filed by Plaintiffs, not DBGI. To that end, Plaintiffs respectfully request that in accordance with Fed.R.Civ.P. 60(a), Your Honor modify the order to include the Court's intended ruling on the point, which was to identify the filings made by each party to the case.

I thank Your Honor for your consideration of this request.

Respectfully submitted,

**Law Offices of Barry M. Bordetsky**

By: ____________________
Barry M. Bordetsky

c: Defendant’s Counsel (by ECF)