CHRISTIANATTAR

**James W. Christian**
*jchristian@christianattarlaw.com*

November 17, 2026

**By ECF**
Hon. Jesse M. Furman
United States District Court
For the Southern District of New York
500 Pearl Street, Room 2510
New York, New York 10007

**Re: *Gaucher, et al. v. Digital Brands Group, Inc.*, No. 1:26-cv-06889 (JMF)**

Dear Judge Furman:

I represent Defendant Digital Brands Group, Inc. ("DBGI") in the above-referenced action. I write in response to the Court's Order of November 17, 2026, which directed DBGI to explain (1) why it filed a document containing private information at Dkt. No. 129-1, and (2) why, once made aware of the problem, DBGI did not act promptly to notify the Court. I take full responsibility for both failures, and I sincerely apologize to the Court and to Plaintiffs.

**Summary of Events**

On November 16, 2026, at 10:41 p.m. (Eastern time), I filed DBGI's letter at Dkt. No. 129, together with four attachments. Exhibit A (Dkt. No. 129-1), the combined conversion notices and acknowledgments, contained unredacted Social Security numbers and financial account numbers belonging to Plaintiffs. Federal Rule of Civil Procedure 5.2(a) required that this information be redacted, and it was not.

At 11:11 p.m., Plaintiffs' counsel, Barry M. Bordetsky, emailed me to identify the problem and asked that I contact the Clerk of Court immediately to request that the exhibit be withdrawn and replaced with a redacted copy. At 11:23 p.m., Mr. Bordetsky emailed the ECF Help Desk directly to request a temporary seal, and he separately asked me to email the Court requesting a temporary sealing order. At 11:32 p.m., I responded to Mr. Bordetsky that we would do so in the morning.

On this morning of November 17, 2026, at 10:01 a.m., I emailed the Court's chambers, copying Plaintiffs' counsel, notifying the Court of the issue and asking the Court to enter an order

temporarily sealing Dkt. No. 129, including all attachments, and removing it from public view until a redacted version could be filed.

At 10:03 a.m., I emailed the Help Desk, with all counsel copied, to confirm that DBGI was the filing party, that the exhibit mistakenly contained unredacted Social Security and financial account numbers, and that DBGI joined Plaintiffs' request to seal Dkt. No. 129 and all of its attachments. At 10:09 a.m., the Help Desk advised that, in response to my request, it had sealed Exhibit 1 to Dkt. No. 129. In accordance with the Court's Order, DBGI filed a redacted copy of the exhibit on November 17, 2026.

**Why the Unredacted Document Was Filed**

The filing of Plaintiffs' unredacted personal information was an inadvertent error by me and my office. Dkt. No. 129 was prepared and filed late in the evening. In rushing to get the letter and its exhibits timely on file, we did not review Exhibit A carefully for personal identifiers before filing it. That review is a basic obligation of every filer, and the pace of our work is no excuse for failing to perform it. As counsel of record and the attorney who made the filing, I am responsible for its contents. My office and I should have been more careful. We made a mistake, and I apologize to the Court and to Plaintiffs, whose private information was exposed on the public docket as a result.

**Why DBGI Did Not Promptly Notify the Court**

When Mr. Bordetsky alerted me to the problem, I should have acted that night. Instead, I decided to wait until the following morning. My intention was to make sure that the issue was resolved correctly under the ECF Rules and the Local Rules, including by sending the appropriate requests through the appropriate form of communication to the Court and to the Help Desk. I also decided to wait for the members of my office staff who assist me with those communications, who were not available until the next morning. That decision was the wrong one. The need for care in following the proper procedure did not justify leaving Plaintiffs' sensitive information publicly accessible overnight, and it did not justify leaving it to Plaintiffs' counsel alone to bring the matter to the Help Desk. I should have promptly joined Mr. Bordetsky's request to the Help Desk that night and informed the Court that a sealing request and a redacted filing would follow. I regret that I did not do so immediately.

**Corrective Measures**

To prevent any recurrence, my office will implement the following measures: (1) before any document is filed in this matter, I or another attorney at my office will perform an additional review of each page of each exhibit before filing for information subject to Rule 5.2(a) and confirm that all required redactions have been made; and (2) if I learn that a filing contains information requiring redaction, I will immediately contact the ECF Help Desk and notify the Court via email, whether during or outside business hours.

I again apologize to the Court and to Plaintiffs for this error and for the delay in addressing it. I appreciate the Court's prompt action to protect Plaintiffs' information.

Respectfully submitted,

James W. Christian

cc: All counsel of record (via ECF)