**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILIP GAUCHER, JR. AND JOEY GIAMICHAEL,<br>*Plaintiffs-Counterclaim Defendants,*<br>v.<br>DIGITAL BRANDS GROUP INC.,<br>*Defendant-Counterclaim Plaintiff.* | Case No. 26-cv-6889 (JMF)<br>[rel. Case No. 26-cv-8734 (JMF)] |

**DIGITAL BRANDS GROUP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS**

Digital Brands Group, Inc. ("DBGI") respectfully submits the following memorandum of law in support of its motion for leave to amend the Counterclaims in its Answer, Affirmative Defenses, and Counterclaims (Dkt. 61) to Plaintiffs and Counterclaim-Defendants' Amended Complaint (Dkt. 7) pursuant to Federal Rules of Civil Procedure 15(a)(1)(B) and 15(a)(2) ("Rule 15").

## FACTUAL BACKGROUND

Counterclaim-Defendants filed both the original complaint and the operative amended complaint in this action on August 14, 2026 (Dkt. 7). DBGI answered the amended complaint on October 8, 2026 and filed counterclaims (the "Counterclaims") against Counterclaim-Defendants (Dkt. 61).

Since the Counterclaims were filed, the factual record has developed considerably. Multiple motions have been filed with voluminous exhibits, and new information has been discovered during investigation and the early stages of discovery. Further, new developments

have occurred, most notably the highly irregular trading in DBGI common shares that began on November 6, 2026, which not only further support DBGI's existing allegations, but provides independent grounds to allege further harm and damages resulting from the alleged scheme. DBGI seeks leave to amend its Counterclaims to incorporate the more developed record and new developments into its pleadings, including potentially dispositive factual allegations.

## ARGUMENT

Pursuant to Rule 15(a)(1)(B), DBGI "may amend its pleading once as a matter of course" within the applicable deadlines, which have not yet lapsed. The Second Circuit has described amendment under Rule 15(a)(1) as amendment "as a matter of right." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). No responsive pleading or motion to dismiss has been filed.[1] Accordingly, the deadline under Rule 15(a)(1)(B) – 21 days after the responsive pleading or motion to dismiss is filed – has not lapsed and DBGI is entitled to an amendment as a matter of course. DBGI respectfully requests leave to amend under Rule 15(a)(1).[2]

In the alternative, DBGI seeks leave under Rule 15(a)(2). Under Rule 15(a)(2), [t]he court should freely give leave when justice so requires." "[T]he Second Circuit has held that a Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Valentini v. Citigroup, Inc.*, No. 11-cv-1355, 2013 WL 4407065, at *6 (S.D.N.Y. Aug. 16, 2013) (Furman, J.) (quoting *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (internal quotation marks omitted)).

---

[1] Even if Counterclaim-Defendants had filed a responsive pleading on November 19, 2026, as per the schedule, before DBGI provided notice of its intent to amend, DBGI's filing would still have fallen within the 21 days provided by Rule 15(a)(1)(B).

[2] While DBGI may amend its counterclaims as of right under Rule 15(a)(1)(B), out of abundance of caution, DBGI files this motion seeking leave of Court in accordance Paragraph 3 of the Court's Scheduling Order (Dkt. 66) ("Amended pleadings may not be filed…except with leave of the Court.").

None of these reasons apply here. DBGI has not delayed unduly in amending and has timely moved in good faith in advance of the amendment deadline in the scheduling order, providing Counterclaim-Defendants notice before their deadline to answer counterclaims that would soon be superseded.

No meaningful prejudice will result. Fact discovery closes on February 10, 2027 and has only recently begun. No party document productions have been made and no depositions have been scheduled. Nor is amendment futile, as it includes arguably dispositive factual allegations on critical issues, including allegations regarding direct evidence of coordinated selling by the group. Further, the new factual developments include the most irregular trading in DBGI to date. These are irregular trade days are arguably the clearest examples of how the scheme in which Counterclaim-Defendants participated manipulated the price of DBGI shares.

## CONCLUSION

For the aforementioned reasons, DBGI respectfully requests that the Court grant its motion and permit the amendment of the Counterclaims.

Dated: November 23, 2026
New York, New York

By: /s/ Christopher R. Goetz
Stephen W. Tountas
Christopher Goetz
Dexin Deng
Kasowitz LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
stountas@kasowitz.com
cgoetz@kasowitz.com
ddeng@kasowitz.com

James W. Christian
ChristianAttar
1177 West Loop South, Ste 1700
Houston, Texas 77027
Tel: (713) 659-7617
jchristian@christianattarlaw.com

*Attorneys for Defendant and Counterclaim-Plaintiff Digital Brands Group, Inc.*